**FILED**
**DECEMBER 16, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LESLIE LLOYD MOSS, PRO SE, § <br> also known as § <br> LESLIE L. MOSS, § <br> TDCJ-CID No. 896113, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JEFFREY A. BROWN, JOE PONDER, § <br> KRISTI SATTERFIELD, § <br> SUSANA S. FERNANDEZ, and § <br> SUZZANNE TENORIO, § <br> § <br> Defendants. § | 2:09-CV-0110 |

## REPORT AND RECOMMENDATION

Plaintiff LESLIE LLOYD MOSS, acting pro se and while a detainee or prisoner confined in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff alleges that, on January 24, 2008, he took his cell food slot "hostage," *i.e.*, he stuck his arm out the food slot in an attempt to get the attention of prison officials or try to get them to do something he wanted. The supervisor, defendant Sgt. PONDER, was called and arrived with two officers, defendant BROWN, and an Officer Packard. When plaintiff continued to refuse to remove his arm from the food slot, defendant BROWN is alleged to have threatened that he was going to break plaintiff's arm and close the food slot. Plaintiff states he responded by removing his arm from the food slot.

Twenty minutes later defendant Sgt. PONDER and defendant Lt. SATTERFIELD returned to plaintiff's cell with a seven-man use of force team and informed plaintiff they were there to take plaintiff's property and place him on restriction. Plaintiff refused to comply with their orders, and defendant Sgt. PONDER ordered the team to open the food slot and spray a chemical agent into plaintiff's cell, *i.e.*, utilize chemical force. Plaintiff thwarted this use of force by sticking his arm through the food slot to block it so the chemical agent couldn't be sprayed into his cell.

Defendant Lt. SATTERFIELD then ordered the team to "assist [plaintiff's] arm back into the slot." Plaintiff says Officer Henderson, Officer Packard, and defendant Officer BROWN each took one of plaintiff's fingers and began to push. Plaintiff alleges defendant BROWN utilized excessive force and broke the little finger on plaintiff's left hand.

Plaintiff alleges when his finger snapped, everyone stepped back and that defendant Sgt. PONDER then ordered the team to spray the chemical agent. Plaintiff contends defendant PONDER "saw the whole situation and refused to stop officer BROWN, or order him to use the minimum amount of force to gain compliance.

Plaintiff contends defendant Lt. SATTERFIELD was the highest ranking officer present and "failed to redirect her order or order Officer BROWN to use the minimum amount of force to gain compliance."

In any event, plaintiff ultimately submitted to the team and was seen cellside by defendant LVN FERNANDEZ. When defendant FERNANDEZ asked plaintiff if he was injured, he responded stating his finger was broken. When defendant FERNANDEZ attempted to straighten plaintiff's finger, he pulled it away from her because of the pain. Plaintiff says she

then explained to him she needed to bend the finger back and forward, but he refused to let her, saying it would hurt. At that time, defendant PONDER stated that plaintiff was refusing medical attention. Plaintiff was then placed back in his cell. Plaintiff says after the use of force was concluded, defendant FERNANDEZ returned to his cell and told him she would make an appointment with a "provider." He complains she refused to give him any pain medication saying that he should have taken his arm out of the slot.

The next day, plaintiff was seen by a medical care provider, defendant TENORIO, who said she would order an x-ray for the following day. Plaintiff says, after January 28, 2008, he submitted a sick call to see defendant TENORIO and she came to see him cellside. He says he asked why he hadn't been x-rayed on the 28th and she responded, "give it time." Plaintiff says he also asked for pain medication and she responded that she wanted to see the x-ray results and they would then "go from there."

Finally, plaintiff alleges he didn't see his x-rays until February 20, 2008, almost a month after the incident and had to suffer with the healing finger during that time.

Plaintiff requests an award of $60,000.00 against each defendant and costs of suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

The malicious and sadistic use of force to cause harm violates contemporary standards of decency. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

serious injury is relevant to this inquiry, but does not constitute its entirety. *Id*. 503 U.S. at 7, 112 S.Ct. at 999.

The facts presented by plaintiff show a use of some force was justified. Plaintiff repeatedly disobeyed orders from TDCJ officials, requiring some force to gain his compliance with these orders. Further, plaintiff frustrated the officers' attempt to use the minimum force possible, *i.e.*, chemical force, by blocking the food slot with his arm. Consequently, an application of some physical force was necessary. Further, the force conducted, pushing on plaintiff's fingers to get his arm and hand back through the food slot does not appear to have been excessive under the circumstances. Instead, it appears to have been specifically tailored to meet the need to re-establish discipline and order by clearing the food slot opening. Under the circumstances described by plaintiff, the force ordered by defendant SATTERFIELD and utilized by officers Henderson, Packard, and defendant BROWN appears to have been the minimum force necessary.

Plaintiff points to defendant BROWN's comment in connection with the incident twenty minutes earlier as evidence that he intentionally broke plaintiff's finger. Plaintiff does not, however, allege defendant BROWN was not obligated to obey SATTERFIELD's order to "assist" plaintiff with removing his arm from the food slot or that BROWN did anything different from what the other two officers did who were also pushing on his fingers. There is nothing to indicate defendant BROWN did not strictly follow lawful orders and nothing to indicate that the force he utilized was unreasonable or excessive.

Further, plaintiff has not alleged any fact which indicates defendants PONDER and/or SATTERFIELD knew anything which would indicate defendant BROWN was or even might be using more force than necessary in order to get plaintiff to put his arm back in the food slot.

Acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Other than their mere presence, plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

As to the use of chemical force after plaintiff's finger was broken, the mere fact that his finger was broken did not alter the need by the TDCJ team to get plaintiff to comply with the orders which had been given. The chemical force was the force which would have been utilized initially had plaintiff not disobeyed and then blocked the food slot with his arm. This appears to be the least amount of force which could be utilized under the circumstances to gain plaintiff's compliance, and it was clearly justified at that stage of the proceedings.

Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

   Plaintiff alleges defendant FERNANDEZ attempted to manipulate his finger to assess his complaint that it was broken, but he refused to let her.  Nevertheless, after completion of the use of force and plaintiff's return to his cell, he says she returned to tell him she would schedule an appointment for him.  Further, it appears she did schedule such an appointment, since plaintiff saw defendant TENORIO the next day.  Plaintiff's only complaint against defendant FERNANDEZ was that she wouldn't give him pain medication.  The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122

F.3d 286, 292 (5th Cir. 1997).  Plaintiff has alleged no fact to show that pain medication was a serious medical need or that defendant FERNANDEZ thought pain medication for his finger was a serious medical need.

As to defendant TENORIO, plaintiff alleges she examined him the next day and scheduled x-rays of his finger.  Plaintiff alleges that, when he complained of not receiving the x-rays the following day, defendant TENORIO came to his cell to respond to his complaint and told him to give it some time.  Plaintiff does not reveal when the x-rays were actually taken, but complains he did not see the x-rays until almost a month after his finger was broken.  Plaintiff has alleged no fact indicating defendant TENORIO was responsible for the timing of the x-rays.  In fact, plaintiff's real complaint, again, appears to be that TENORIO also refused his request for pain medication, saying she wanted to see his x-rays first.  Plaintiff has alleged no fact showing his need for pain medication was a serious medical need or that defendant TENORIO thought it was serious and ignored it.  Instead, she simply said she wanted to see the x-rays first.  The facts alleged by plaintiff show he disagreed with defendant TENORIO and, if buttressed with additional facts, might help support a claim of negligence, but they do not and would not state a claim of deliberate indifference.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff LESLIE LLOYD MOSS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND

WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of December, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).